# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| DEANNA ELLIS, : | |
|    Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. |
| ACTION CARS & TRUCKS, and : | 6:05-CV-17 (HL) |
| RANDY SODEN, : | |
|    Defendants. : | |
| : | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc.4), in which Defendants ask the Court to dismiss Plaintiff's Title IV claims against both Defendants and Plaintiff's Equal Pay Act claim against Defendant Randy Soden. For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

## I. FACTS

Plaintiff originally filed her complaint on September 7, 2004 in the United States District Court for the Northern District of Georgia. In response to Defendants' Motion to Dismiss and Transfer Venue, filed on October 18, 2004, the district court transferred the case to this Court. Although the district court's order transferring the case was entered November 11, 2003, the case was not transferred until April 21, 2005. Upon arriving in this Court, the Motion to Dismiss portion of Defendants' October 18th motion was re-filed in this Court on April 25, 2005. For unknown reasons the motion was not submitted for consideration to the Court until September 27, 2005.

Plaintiff's complaint sets forth a fairly detailed factual scenario, yet does not identify

individual claims. Because Plaintiff failed to plead with specificity the claims she was asserting and what alleged acts were connected to each claim, it is difficult for the Court to ascertain the nature and scope of her claims. After thoroughly reading the complaint the Court finds no less than twelve separate claims: (1) a Title VII claim against Defendant Action Cars and Trucks ("Action") regarding the hiring of a sales manager on May 11, 2002; (2) a Title VII claim against Action regarding the hiring of a sales manager on August 10, 2002; (3) a Title VII claim against Action regarding the hiring of an internet sales consultant September of 2003; (4) a Title VII claim against Action regarding the hiring of a sales consultant on December 2, 2003; (5) a Title VII retaliation claim against Action; (6) an Equal Pay Act claim against Action; (7) a Title VII claim against Defendant Randy Soden ("Soden") regarding the hiring of a sales manager on May 11, 2002; (8) a Title VII claim against Soden regarding the hiring of a sales manager on August 10, 2002; (9) a Title VII claim against Soden regarding the hiring of an internet sales consultant September of 2003; (10) a Title VII claim against Soden regarding the hiring of a sales consultant on December 2, 2003; (11) a Title VII retaliation claim against Soden; and (12) an Equal Pay Act claim against Soden.

Defendants ask the Court to dismiss claims one and two because Plaintiff failed to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory conduct. Defendants also ask the Court to dismiss claims three, four, and five because Plaintiff failed to file a complaint with the EEOC which included the allegedly discriminatory actions that form the basis of those claims. Defendants finally ask the Court to dismiss all claims against Defendant Soden, claims six through twelve, because neither

Title VII nor the Equal Pay Act provide for individual employee liability.

**II. ANALYSIS**

A. Motion to Dismiss Standard

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B. Plaintiff's Title VI Claims Against Defendant Action Cars and Trucks

Before filing a complaint in federal court under Title VII, a plaintiff must exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). This requires, in part, filing a timely charge of discrimination with the EEOC prior to filing a complaint in federal court. Id. (citing 42 U.S.C. § 2000e-5(b) (1994)). In Georgia, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment decision for the EEOC charge of discrimination to be timely. Watson v. Blue Circle, Inc., 324 F.3d 1252,

1258 (11th Cir. 2003). Further, unless the alleged acts of discrimination have been made the subject of a timely filed EEOC charge of discrimination, the alleged acts cannot form the basis of a Title VII claim. Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir.2000). Yet, an alleged act of discrimination, not specifically included in the EEOC complaint, may form the basis of a Title VII claim if the alleged act of discrimination "was or should have been included in a reasonable investigation of the administrative complaint." Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985).

Here, Plaintiff's complaint only specifies that she filed one charge of discrimination with the EEOC in October of 2003. Two of Plaintiff's claims against Defendant Action are based on alleged discrimination that occurred on May 11, 2002 and August 10, 2002. As these allegedly discriminatory acts occurred more than 180 days prior to the date Plaintiff filed with the EEOC, Plaintiff's charge of discrimination was untimely. Accordingly, Plaintiff's Title VII claims, which are based on acts that occurred in May and August of 2002 are time barred and dismissed with prejudice.

Plaintiff attempts to save these claims by arguing that the actions of Defendants created a continuing violation. The continuing violation doctrine saves a time-barred claim by allowing a plaintiff to combine its time-barred claim with a timely-filed claim in order to form one continuing violation, part of which occurred during the limitations period. See Roberts v. Gadsden Mem'l Hosp., 835 F.2d 793, 800 (11th Cir. 1988). "In determining whether a [practice] constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the

continuation of that violation into the present, which does." Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 448 (11th Cir. 1993).

In Thigpen v. Bibb County Sheriff's Dept., the Eleventh Circuit Court of Appeals held that the failure of multiple officers to receive promotions due to an allegedly discriminatory policy does not constitute a continuing violation. 223 F.3d 1231, 1243 (11th Cir. 2000). The court explained that "any equal protection violation [due to the policy] only manifests itself when an opportunity for a promotion arises and applicants accordingly are evaluated." Id. Likewise, in Knight v. Columbus, Georgia, the Eleventh Circuit refused to characterize an employee's claim, that his employer's policy violated the Fair Labor Standards Act, as a continuing violation. 19 F.3d 579, 580 (11th Cir. 1994). The court stated, "Because each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event." Id.

In the present case, even if Defendants did have a clear policy, which discriminated against Plaintiff on the basis of her gender, Plaintiff's injuries would still not be the result of a continuing violation. Although such a policy would be continuously in effect, such policy would not continuously injure Plaintiff's rights. Like the officers in Thigpen, Plaintiff is only injured when Defendants actually treat Plaintiff unfairly when making an employment decision. Any additional discrimination associated with another employment decision would then, like the employer's failure to pay overtime in Knight, give rise to a new cause of action. Accordingly, the acts of discrimination set forth in Plaintiff's claim are not part of a continuing violation.

Further, Plaintiff's remaining claims against Defendant Action are based on retaliation

and employment decisions that occurred in September and December of 2003. Plaintiff's complaint specifies that she filed an EEOC charge in October of 2003, and that she has exhausted all necessary administrative remedies. Because the October 2003 EEOC charge is timely in regard to the allegedly disciminatory actions that occurred in September of 2003, the Court refuses to dismiss Plaintiff's claim based on those actions as untimely.

In addition, the Court also refuses to dismiss Plaintiff's claims regarding acts that occurred after she filed her EEOC charge. Acts of discrimination not specifically alleged in the EEOC charge are allowed if the acts were or should have been included in a reasonable investigation of the EEOC charge. Therefore, if the acts of alleged discrimination, which occurred after Plaintiff filed her EEOC charge, were or should have been included in a reasonable investigation of the charge, Plaintiff's claims regarding those acts are properly filed. As this issue is before the Court on a motion to dismiss, rather than summary judgment, the Court cannot attempt to ascertain if Plaintiff's claims would be included in a reasonable investigation of Plaintiff's EEOC charge. Accordingly, Plaintiff's claims regarding acts of alleged discrimination that occurred after she filed her EEOC charge are not dismissed.

C. Plaintiff's Title VI Claim Against Defendant Soden

"Individual capacity suits under Title VII are . . . inappropriate." Busby v. City of Orlando,[1] 931 F.2d 764 (11th Cir. 1991). "The relief granted under Title VII is against the

---

[1] Although Busby was decided prior to the 1991 Amendment to the Civil Rights Act, the Eleventh Circuit later affirmed Busby after the amendment in Cross v. Alabama, 49 F.3d 1490 (11th Cir.1995).

employer, not the individual employees whose actions would constitute a violation of the Act." Id. at 772 (citing Clanton v. Orleans Parish School Board, 649 F.2d 1084, 1099 n.19 (5th Cir. 1981)). See also Yeldell v. Cooper Green Hospital, Inc., 956 F.2d 1056, 1060 (11th Cir. 1992) (holding Title VII actions are not appropriately brought against government officials in their personal capacities); Hinson v. Clinch County Board of Education, 231 F.3d 821, 826 n.6 (11th Cir. 2000) (holding Plaintiff was barred from bringing a Title VII action against individual defendants). Therefore, because Title VII does not provide for a cause of action against individual employees, Plaintiff's Title VII claim against Defendant Soden is dismissed with prejudice.

### D. Plaintiff's Equal Pay Act Claim Against Defendant Soden

Although the Equal Pay Act does not provide for individual liability, individual employees can fall within the Act's broad definition of employer. See Welch v. Laney, 57 F.3d 1004, 1010 (11th Cir. 1995). The Equal Pay Act defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includ[ing] a public agency...." 29 U.S.C. § 203(d) (2000). Thus, "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986).

Here, Plaintiff's complaint specifically alleges that Defendant Soden was involved in the day-to-day operation and did have direct responsibility for her supervision. Therefore, Plaintiff's complaint alleges that Defendant Soden can be characterized as an employer under the Equal Pay Act. Because the facts contained in Plaintiff's complaint establish that Defendant

7

Soden is an employer under the Equal Pay Act, Defendant's Motion to Dismiss Plaintiff's claim is denied.

### III. CONCLUSION

For the reasons explained herein, Defendants' Motion is granted in part and denied in part. Plaintiff's Title VII claims against Defendant Action regarding Defendants' actions on May 11, 2002 and August 10, 2002 are dismissed. Plaintiff's Title VII claims against Defendant Action based on retaliation and Defendants' actions on September 30, 2003 and December 2, 2003 remain.  Further, Plaintiff's Title VII claims against Defendant Soden are dismissed, and Plaintiff's Equal Pay Act claims against Defendant Soden remain.

**SO ORDERED**, this the 6th day of December, 2005.


**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs